IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-2299-WDM-PAC

PHILLIP DILLARD,

    Plaintiff,

v.

JOE ORTIZ,
TONY CAROCHI,
WALT AHRENS,
GLYNETTE SMITH,
RICHARD L. LINS, and
LT. CUNNINGHAM,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Patricia A. Coan, issued June 3, 2005, that plaintiff Phillip Dillard's complaint be dismissed for failure to prosecute. Dillard has not objected to the recommendation and is therefore not entitled to *de novo* review. 28 U.S.C. § 636(b).

I have reviewed the pertinent portions of the record, including the complaint, the motion to dismiss filed by defendants, the April 29, 2005 minute order directing Dillard to respond to the motion to dismiss, the minutes from the June 13, 2005 scheduling conference, and the recommendation. I conclude the recommendation should be accepted as modified herein.

In her recommendation, Magistrate Judge Coan notes that the Colorado Department

of Corrections notified her by telephone on May 3, 2005, that Dillard was released from custody on April 29, 2005, but did not provide the DOC with a forwarding address. Likewise, he has not provided the court with a current mailing address, as required by D.C.COLO.LCivR 10.1 M.

In her recommendation, Magistrate Judge Coan notes Dillard's failure to comply with the local rules and his failure to respond to the motion to dismiss by the deadline set by her April 29, 2005 minute order. Magistrate Judge Coan recommends that Dillard's complaint be dismissed as a sanction for his failure to prosecute.

The Tenth Circuit requires that I consider the relevant factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), before dismissing Dillard's complaint as a sanction for his failure to comply with court orders or rules.[1] *Cosby v. Meadors*, 351 F.3d 1324, 1323 (10th Cir. 2003). These factors include:

> (1) the amount of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.

*Id.* Here, the recommendation does not address these factors, but, upon my review, I conclude they weigh in favor of dismissal. Although there has not been great actual prejudice to defendants at this stage of the litigation, Dillard's failure to appear at the scheduling conference impeded both defendants' attempts to proceed with the case and the judicial process. The record does not reveal that anyone other than Dillard is responsible for his failure to respond to the motion to dismiss, to appear at the scheduling

---

[1] Magistrate Judge Coan does not specify whether the dismissal should be with or without prejudice. Because a dismissal without prejudice could bar Dillard from renewing his complaint if the statute of limitations has run, I must consider the *Ehrenhaus* factors.

conference, or to respond to the recommendation that his complaint be dismissed. The recommendation notifies Dillard of the possibility of dismissal as a sanction for his conduct.[2] Finally, it is not evident on this record that lesser sanctions would be effective, primarily because Dillard has not appeared in this case since March 2005 and has now omitted to provide the court with an address where he could be reached to be notified of any lesser sanction.

Based upon these factors, I conclude the recommendation should be accepted.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Coan, issued June 3, 2005, is accepted as modified by this order.

2. The motion to dismiss, filed April 25, 2005, is denied as moot.

3. The complaint is dismissed.

DATED at Denver, Colorado, on July 12, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge

---

[2] It is not clear from the record whether Dillard ever received a copy of the recommendation. The certificate of mailing for the recommendation indicates it was mailed to Dillard at his former address with the Colorado Department of Corrections. This copy was not returned to the court as undelivered, but the DOC had informed Magistrate Judge Coan that Dillard had not provided it with a forwarding address.

PDF FINAL